IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH HOWARD, | ) |
| | ) Civil Action No. 2:14-cv-1234 |
| Petitioner, | ) |
| | ) United States District Judge |
| v. | ) Arthur J. Schwab |
| | ) |
| JOHN KERESTES and THE ATTORNEY | ) United States Magistrate Judge |
| GENERAL OF THE STATE OF | ) Cynthia Reed Eddy |
| PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Keith Howard, pursuant to 28 U.S.C. § 2254, be dismissed with prejudice as untimely and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant and Procedural Background**

Petitioner, Keith Howard ("Petitioner" or "Howard"), a prisoner at State Correctional Institution – Fayette, seeks relief from his December 8, 2004 judgment of sentence after a jury found him guilty of two counts of First Degree Murder. He was immediately sentenced to a mandatory term of life imprisonment at each count, to be served consecutive to each other. Howard filed a timely notice of appeal and on April 26, 2006, the Superior Court of Pennsylvania affirmed his judgment of sentence and on August 24, 2006, Supreme Court of Pennsylvania denied further review.

1

On December 28, 2006, Howard sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 – 9546. On September 2011, the PCRA court denied Howard's PCRA Petition. Howard filed a timely Notice of Appeal and on September 14, 2012, the Superior Court of Pennsylvania affirmed. The Pennsylvania Supreme Court denied further review on September 24, 2013.

On September 8, 2014, Howard filed the instant federal habeas petition.

**B.      Discussion**

    1. *Timeliness*

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"). AEDPA imposes a one-year limitations period applicable to state prisoners. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins on the date the petitioner's judgment of sentence became final "by the conclusion of direct review or the expiration of the time for seeking such review."[1]  *Id*. §

---

1    Alternatively, one of the following start dates may apply if established by a petitioner:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D); see also *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) (petitioner must prove "all facts entitling him to" habeas relief).  Howard does not argue that any of these start dates should apply to his case.

2244(d)(1)(A). This limitations period also may be statutorily or equitably tolled for various circumstances. *Id.* at § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Howard's sentence became final on November 22, 2006, 90 days after the Pennsylvania Supreme Court denied further review of his judgment of sentence. 28 U.S.C. 2244(d)(1)(A) (judgment becomes final at expiration of time for seeking review); U.S. S.Ct. Rule 13 (allowing 90 days to file a petition for writ of certiorari with the United States Supreme Court). Howard needed to file his federal habeas petition within one year of his final judgment date, or by November 22, 2007. Howard's petition is untimely unless he establishes that the limitations period should be tolled so as to make his petition timely.

2. *Statutory Tolling*

The federal limitations period may be tolled during the time a "properly filed" state collateral proceeding is pending. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGuglielmo,* 544 U.S. 408, 415-17 (2005).

Howard timely filed his PCRA petition on December 28, 2006, 36 days into his federal limitation period. As a result, Howard's federal limitations period was tolled from that date until September 24, 2013, the day on which the Pennsylvania Supreme Court denied his PAA. At that point, Howard had 329 days, or until August 20, 2014, to file his habeas petition. Because he did not file his habeas petition until September 8, 2014, 20 days after the time period expired, statutory tolling does not make Howard's petition timely.

3. *Equitable Tolling*

"Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted). A petitioner entitled to equitable tolling "bears the burden of establishing

3

two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (quoting *Pace*, 544 U.S. at 418). "This conjunctive standard requires showing both elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Equitable tolling is warranted " 'only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice'." *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (*quoting Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).   As our appellate court has explained, "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Ross*, 712 F.3d at 799-780 (quoting *Pabon v. Mahanoy,* 654 F.3d 385, 399 (3d Cir. 2011)).   "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."  *Id*. at 799-800.  Additionally, while "at least sometimes, an attorney's unprofessional conduct can be so egregious as to create an extraordinary circumstance warranting equitable tolling . . . equitable tolling is not warranted for a 'garden variety claim of excusable neglect."  *Holland*, 560 U.S. at 633 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89,  96 (1990)).

Howard seems to be acknowledging that his petition was filed outside of AEDPA's one-year statute of limitations as he requests leave to file the petition "nunc pro tunc to the September 24, 2013 date of the Supreme Court final decision." Petition at 16.   Attached to the petition is a letter to Howard from the Office of the Prothonotary of the Supreme Court of Pennsylvania, dated August 4, 2014 advising him as follows:

> We are in receipt of your correspondence in the above captioned matter.  A Petition for Allowance of Appeal was filed on October 15, 2012 by Attorney Donna McClelland.  The petition was denied on September 24, 2013.  Enclosed is a copy of the docket sheet and order.

4

Petition, Exhibit A (ECF No, 3-1). It appears that Howard is claiming that he did not receive notification of the denial of the petition for allowance of appeal ("PAA") prior to this August 4, 2014 letter.

The Court finds that Howard is not entitled to equitable tolling. Even assuming, *arguendo*, that counsel failed to inform him that his PAA had been denied, this is insufficient by itself to demonstrate extraordinary circumstances. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (noting that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Howard also has failed to demonstrate that he exercised reasonable diligence in pursuing his rights both before he was made aware of the Pennsylvania Supreme Court's order, *see Schleuter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (habeas petitioner is not excused from exercising due diligence merely because he has representation during various stages of, or even throughout, his state proceedings), and after, *see Pace*, 544 U.S. at 419 (petitioner's lack of diligence after alleged extraordinary circumstance reinforces an adverse diligence determination for tolling period.) In particular, Howard has failed to explain why he waited approximately 22 months to inquire about the status of his appeal (the PAA was filed on or about October 12, 2012). *See* Petition, Exh. B (ECF No. 3-2). *LaCava*, 398 F.3d at 277-78 (finding a lack of due diligence where petitioner, represented by counsel, waited 21 months to inquire with the state courts as to the status of his filing).

For these reasons, the Court finds that Howard has failed to meet his burden of proving that equitable tolling is appropriate in this case. Consequently, the Court recommends that the petition for writ of habeas corpus be denied with prejudice.

D.     **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard here, the Court concludes that jurists of reason would not find it debatable that the claims in the petition are time-barred and that Howard is not entitled to equitable tolling. Accordingly, a certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                                s/ Cynthia Reed Eddy
                                                Cynthia Reed Eddy
                                                United States Magistrate Judge

Dated:  May 26, 2016

cc:    KEITH HOWARD
       GA-9335
       SCI Fayette
       PO Box 9999
       LaBelle, PA 15450-0999
       (via U.S. First Class Mail)

       Rusheen R. Pettit
       Office of the District Attorney
       (via ECF electronic notification)